IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MASONRY INDUSTRY TRUST ADMINISTRATION, INC., an Oregon corporation, | Case No. 3:18-cv-02034-JR |
| Plaintiff, v. | ORDER |
| DIVERSIFIED MASONRY, LLC, a foreign limited liability corporation, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiff Masonry Industry Trust Administration, Inc. initiated this action against defendant Diversified Masonry, LLC. A default judgment was subsequently entered against defendant. Plaintiff now moves for an award of attorney fees in the amount of $2,574.00 and costs in the amount of $400. For the reasons set forth below, plaintiff's motions are granted, and fees and costs are awarded in full.

## BACKGROUND

On November 26, 2018, plaintiff filed a complaint in this Court asserting claims premised on defendant's failure to pay wages and contributions on covered employees as required under the collective bargaining agreement, 29 U.S.C. § 186 of the Labor Management Relations Act, and 29 U.S.C. § 1145 of the Employee Retirement Income Security Act. On March 7, 2019, plaintiff moved for entry of default based on defendant's failure to timely answer or otherwise respond to the complaint. The Court granted plaintiff's motion; a default judgment was subsequently entered on September 11, 2019. On September 25, 2019, plaintiff filed the present motions for attorney fees and costs.

## STANDARD

Pursuant to the prevailing party's motion, the court may award reasonable attorney fees and costs. Fed. R. Civ. P. 54(d); LR 54. In determining a reasonable attorney fee, the court employs the lodestar method by first multiplying "the number of hours the prevailing party reasonably expended on litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996) (as amended). The court then considers whether it is necessary to adjust the presumptively reasonable lodestar figure considering the twelve factors articulated in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975). Id.

The court is required to ensure an award's reasonableness, irrespective of any opposition from the non-prevailing party. Gates v. Deukmejian, 978 F.2d 1392, 1400-02 (9th Cir. 1992); see also Corder v. Gates, 947 F.2d 374, 378 n.3 (9th Cir. 1991) ("the reasonable fee, as calculated by the district court, may fall short of the actual fee that the plaintiff's lawyer charges") (citation and internal quotations omitted). "[C]onsiderable discretion [is vested in the court] in determining what

attorney's fee is reasonable." Webb v. Ada Cnty., Idaho, 195 F.3d 524, 526-27 (9th Cir. 1999).

**DISCUSSION**

It is undisputed that plaintiff is the prevailing party and therefore entitled to attorney fees pursuant to the collective bargaining agreement between the parties. Accordingly, the primary issue before the Court is the reasonableness of the requested rates and hours.

**I. Reasonableness of the Requested Rates**

Plaintiff seeks the following hourly rate: $165 for Bradley Middleton, who has over 15 years of experience as an attorney. Pl.'s Mem. in Supp. 5 (doc. 26).

A reasonable rate for legal services is "calculated according to the prevailing market rates in the relevant community." McElmurry v. U.S. Bank Nat'l Ass'n, 2008 WL 1925119, *3 (D. Or. Apr. 30, 2008) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). "This District considers the most recent Oregon State Bar Economic Survey. . . as its 'initial benchmark' in determining whether hourly billing rates are reasonable." Prison Legal News v. Umatilla Cnty., 2013 WL 2156471, *4 (D. Or. May 16, 2013) (citations omitted).

The average and median hourly rates from the 2017 Oregon State Bar Survey for a Portland attorney with 13 to 15 years of experience are $288 and $300, respectively. 2017 OSB Survey 38-40. The rate sought by plaintiff's counsel is significantly less. Accordingly, Mr. Middleton is awarded his requested rate of $165 per hour.

**II. Reasonableness of the Hours Expended**

Compensation is sought for the 15.6 hours Mr. Middleton spent working on the case. Pl.'s Mot. Att'y Fees & Costs 1 (doc. 25). Plaintiff's attorney divided his hours between two phases, the first phase totaling 1.1 hours. Id. at 3. During this time, Mr. Middleton drafted and prepared a

summons, reviewed the complaint, and drafted default order documents. Middleton Decl. Ex. A (doc. 27). These hours are reasonable considering the length of the complaint and the single summons.

The second phase encompasses May to September 2019. Pl.'s Mem. in Supp. 3-5 (doc. 26). During this period, plaintiff devoted 5.9 hours to working with the auditor or revising monetary amounts, 7.2 hours reviewing and revising default documents, and 1.4 hours drafting and revising the motion for fees. Middleton Decl. Ex. A, at 1-2 (doc. 27). The hours working alongside an auditor are reasonable given the extensive damage calculations for seventeen individuals, and the need to calculate wages, subsistence, contributions, liquidated damages, and interest. The time spent reviewing and revising documents also appears reasonable given the nature of the claims. The motion and memo in support of the default judgement total thirteen pages with little boilerplate language, and the supporting declaration and exhibits total eighty-five pages (albeit seventy-one of which are the trust and collective bargaining agreements).

In sum, the Court finds a total attorney fee award of $2,574 presumptively reasonable (i.e., $165/hour x 15.6 hours= $2,574). The Court has also considered the factors outlined in Kerr and finds that no additional adjustment is necessary.

**III.     Costs**

Plaintiff seeks to recover the $400 filing fee. Bill of Costs (doc. 28). Costs are generally awarded to the prevailing party in a civil action as a matter of course. Fed. R. Civ. P. 54(d). The expenses which may be taxed as costs are enumerated in 28 U.S.C. § 1920 and include "[f]ees of the clerk and marshal," and "[d]ocket fees." 28 U.S.C. § 1920(1), (5); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Accordingly, because they fall within the purview of

28 U.S.C. § 1920 and are properly documented within plaintiff's billing statement, the requested costs are awarded in full.

## CONCLUSION

Plaintiff's Motion for Award of Attorney Fees and Costs (doc. 25) is GRANTED, in that plaintiff is awarded a total of $2,574.00 in attorney fees. Plaintiff's Bill of Costs (doc. 28) is GRANTED, such that costs are awarded in the amount of $400.00.

IT IS SO ORDERED.

DATED this 21st day of October, 2019.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge